UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| FRANKLIN ABERNATHY, Petitioner, | ) ) ) ) | |
| v. | ) ) | Civil No. 18-12158-LTS |
| SEVEN KENNEWAY, Respondent. | ) ) ) ) | |

ORDER ON RESPONDENT'S MOTION TO DISMISS (DOC. NO. 17)

March 27, 2019

SOROKIN, J.

Franklin Abernathy, a prisoner at the Massachusetts Correctional Institution in Shirley, Massachusetts, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because his claims are untimely, Abernathy's petition is DISMISSED.

I. BACKGROUND

On July 21, 2008, after a jury trial in Suffolk County Superior Court, Abernathy was convicted of two counts of breaking and entering with intent to commit a felony, and a related charge. Commonwealth v. Abernathy, 7 N.E.3d 494, 2014 WL 1697223, *1 (Mass. App. Ct. 2014) (unpublished) ("Abernathy I"). The charges arose from allegations that he broke into two first-floor apartments in a building in Allston. Id. at *1-2. A state-court judge deemed Abernathy a habitual offender in a July 23, 2008 bench trial and imposed the statutory maximum ten-year sentence on each charge the same day, with two ten-year terms running concurrently, and the third running consecutively. Id. at *1; Doc. No. 18 at 2; Add. at 20.[1]

---

[1] The Respondent has filed an Addendum to his Motion to Dismiss ("Add."), containing relevant items from the state-court record in two bound volumes. Doc. No. 19.

The Massachusetts Appeals Court ("MAC") affirmed Abernathy's conviction and sentence on May 1, 2014. Abernathy I, 2014 WL 1697223; Doc. No. 1-1. The MAC considered and rejected claims alleging duplicative convictions, seeking dismissal based on evidence that allegedly was lost or destroyed, challenging the admission of prior bad act evidence, and urging misconduct by the prosecutor. Abernathy I, 2014 WL 1697223, at *2-4. On July 1, 2014, the Supreme Judicial Court ("SJC") denied Abernathy's request for further review. Add. at 187. Abernathy did not seek certiorari in the United States Supreme Court.

On October 1, 2015, the trial court docketed a pro se motion for a new trial, which Abernathy had signed and dated September 24, 2015. Add. at 23, 308-09, 338. The trial court denied the motion without a hearing the following week, and Abernathy appealed to the MAC. Add. at 23-24. While the appeal was pending, Abernathy filed a motion for release in the trial court. Id. at 25. That motion also was promptly denied, Abernathy appealed, and the MAC consolidated its review of the trial court's rulings denying Abernathy's post-conviction motions. Id. at 26, 207; Commonwealth v. Abernathy, 86 N.E.3d 245, 2017 WL 1655341, *1 (Mass. App. Ct. 2017) (unpublished) ("Abernathy II"). On May 1, 2017, the MAC affirmed the denial of both motions, explicitly rejecting challenges to appellate counsel's effectiveness and the validity of the indictments. Abernathy II, 2017 WL 1655341, at *1-3.

Abernathy petitioned the SJC for review and, while that request was pending, in May 2017, he filed a third post-conviction challenge in the trial court. Add. at 27, 535. That third motion was immediately denied. Id. at 27. Abernathy appealed to the MAC in June 2017, and separately petitioned the SJC for extraordinary relief under a state statute, citing an alleged deficiency in the indictments. Id. at 27, 734, 737-47. In April 2018, the MAC affirmed, rejecting Abernathy's challenge to his sentence under state habitual offender laws.

2

Commonwealth v. Abernathy, 103 N.E.3d 772, 2018 WL 1955473, *1 (Mass. App. Ct. 2018) (unpublished) ("Abernathy III").

A single justice of the SJC denied Abernathy's petition for extraordinary relief in September 2017, finding the claim Abernathy raised was not eligible for the type of review he sought, Add. at 734, and the full SJC reached the same conclusion in May 2018, Abernathy v. Commonwealth, 97 N.E.3d 687, 688 (Mass. 2018). Finally, on September 13, 2018, the SJC denied Abernathy's separate application seeking review of Abernathy III. Add. at 707. That ruling by the SJC marks the conclusion of Abernathy's post-conviction odyssey in state court.

Abernathy signed his federal habeas petition on October 10, 2018 and mailed it the same day. Doc. No. 1 at 18. The petition was docketed five days later. It alleges that police lost or destroyed exculpatory evidence, that appellate counsel was ineffective, that Abernathy's right to confront witnesses against him was violated, that the indictment was defective, and that his sentence as a habitual offender was unlawful. Doc. No. 1 at 5, 7-8, 10, 12. The respondent has moved to dismiss the petition, arguing it is untimely. Doc. Nos. 17, 18. Abernathy has not opposed the motion to dismiss, and the time for doing so has passed. See D. Mass. L.R. 7.1(b)(2) (requiring a party opposing a motion to file an opposition within fourteen days of service of the motion); Doc. No. 17 (reflecting motion to dismiss was filed, and sent to Abernathy via first-class mail, on February 21, 2019).

II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on applications for writs of habeas corpus, and provides that such period "shall run from the latest of":

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitation period is tolled by statute for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

Abernathy's judgment of sentence became final on September 29, 2014, when the ninety-day period for seeking certiorari in the United States Supreme Court on direct appeal expired. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (holding that "judgment becomes final" for AEDPA purposes "when the time for pursuing direct review in [the Supreme] Court . . . expires"). Absent tolling or a statutory exception, then, Abernathy was required to file his federal petition on or before September 29, 2015. Because Abernathy's petition was filed more than three years later, it is untimely unless he qualifies for an alternative start date for his federal limitation period, or he establishes the limitation period was statutorily or equitably tolled.

Abernathy has not claimed that any state action impeded his ability to file a timely federal habeas petition. Indeed, he has litigated various motions in state court in the years since his conviction, and there is nothing in the record to suggest (nor is it plausible) that the state permitted those filings but prevented Abernathy from petitioning this Court in a timely manner. Furthermore, none of his five challenges appear to rely on newly recognized constitutional rights

or recently discovered factual predicates.[2] His petition, therefore, does not trigger a start date for his federal limitation period later than September 29, 2014.

The record before the Court does, however, establish that Abernathy's limitation period was subject to a period of statutory tolling.[3] Abernathy's first post-conviction motion filed in state court was dated September 24, 2015. Add. at 308-09. Under § 2244(d)(2), that filing tolled the federal limitation period five days before it would have expired. By the time the SJC denied review of the lower courts' rulings rejecting Abernathy's first motion for a new trial in November 2017, his third post-conviction challenge already had been filed, denied by the trial court, and appealed to the MAC.[4] Add. at 27. The SJC denied review of that final state-court petition on September 13, 2018. Id. at 707. Because Abernathy pursued no further collateral challenges in state court, his federal limitation period resumed on September 13, 2018, with five days remaining. See § 2244(d)(2) (providing for tolling only while a collateral challenge "is pending" in state court). Thus, even with the benefit of statutory tolling, Abernathy's October

---

[2] Though Abernathy circled subsection (D) of § 2244(d)(1) on the penultimate page of his petition, Doc. No. 1 at 17, he provided no explanation for doing so. Nothing in the record suggests that the facts giving rise to any of Abernathy's claims were unknown or unknowable to him on or before the date his conviction became final. Each claim involves facts that were admittedly known to him before or during trial, when he was sentenced, or while his direct review was pending. Similarly, the rights implicated in his claims have been recognized since long before the conclusion of his direct appeal.
[3] In making the calculations required in this analysis, the Court uses the dates on which Abernathy signed all relevant pro se filings and assumes he mailed each such filing the same day. See Morales-Rivera v. United States, 184 F.3d 109, 110 (1st Cir. 1999) (applying mailbox rule to pro se prisoner's federal habeas petition, explaining it generally is filed on the date it is deposited into the prison's internal mail system).
[4] As noted above, Abernathy's second post-conviction challenge, filed while his appeal of the first was pending, had been consolidated with the first before the MAC on appeal. Add. at 207; Abernathy II, 2017 WL 1655341, at *1.

5

10, 2018 federal petition came twenty-two days after the September 18, 2018 expiration of his limitation period under AEDPA.[5]

The only avenue remaining for saving Abernathy's untimely petition from dismissal is the doctrine of equitable tolling. A petitioner is entitled to equitable tolling of the one-year limitation period "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); accord Drew v. MacEachern, 620 F.3d 16, 23 (1st Cir. 2010). "[E]quitable tolling 'is the exception rather than the rule.'" Riva v. Ficco, 615 F.3d 35, 39 (1st Cir. 2010) (quoting Delaney, 264 F.3d at 14); see Trapp v. Spencer, 479 F.3d 53, 59 (1st Cir. 2007) (noting equitable tolling is only "rare[ly]" appropriate).

The diligence standard required by the doctrine of equitable tolling is "reasonable diligence," not "maximum feasible diligence." Holland, 560 U.S. at 653 (internal citations and quotations omitted). Extraordinary circumstances, for these purposes, require more than "'garden variety' or 'excusable neglect,'" id. at 651, but less than gross negligence coupled with "'bad faith, dishonesty, divided loyalty, mental impairment, or so forth on the lawyer's part,'" id. at 649 (quoting Holland v. Florida, 539 F.3d 1334, 1339 (11th Cir. 2008)).

As the petitioner, Abernathy "bears the burden of establishing a basis for equitable tolling." Trapp, 479 F.3d at 59. However, because he has neither opposed the motion to dismiss

---

[5] Abernathy claims he only learned of the SJC's September 2018 ruling on October 4, 2018. Doc. No. 1 at 16. Even if that fact entitled Abernathy to additional tolling of his limitation period—and it very likely does not—it would not render his petition timely, as the five days remaining on his federal clock still would have lapsed the day before Abernathy signed and mailed his petition. See Lattimore v. Dubois, 311 F.3d 46, (1st Cir. 2002) (concluding pro se habeas petition was untimely where prisoner mailed it one day after the expiration of the federal limitation period).

nor otherwise addressed the timeliness issue raised therein, Abernathy has failed to identify any circumstances warranting equitable tolling here. The Court's review of the parties' submissions – including Abernathy's petition – has uncovered no such extraordinary circumstances. Abernathy has offered no excuse – let alone a reasonable or legally significant one – for the tardiness of his petition. Cf. Trapp, 479 F.3d at 60 ("In applying the equitable tolling doctrine, an important factor is the reason for the late filing."); Turner, 2013 WL 3716861, at *3 (emphasizing AEDPA's focus on "achieving finality and prompt habeas review"). Under these circumstances, Abernathy has not satisfied his burden of demonstrating that he was reasonably diligent or that extraordinary circumstances warrant invocation of the doctrine of equitable tolling here.

Accordingly, the time-limiting provisions of AEDPA require that Abernathy's petition be dismissed with prejudice.

III. CONCLUSION

For the foregoing reasons, the respondent's motion to dismiss Abernathy's federal habeas petition (Doc. No. 17) is ALLOWED, and the petition (Doc. No. 1) is DISMISSED with prejudice.[6]

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge

---

[6] Because "reasonable jurists" could not "debate whether . . . the petition should have been resolved in a different manner," Slack v. McDaniel, 529 U.S. 473, 484 (2000), in light of the above discussion, no certificate of appealability shall issue. The untimeliness of Abernathy's petition (along with his total failure to explain, let alone justify, it) permits no disposition besides dismissal.